# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LYLE AND RACHELL SUHR,

    *Plaintiffs,*

vs.

    Case No. 11-1165-EFM

AQUA HAVEN, LLC, and
MASTER SPAS, INC.,

    *Defendants.*

## MEMORANDUM AND ORDER

On July 18, 2013, the Court issued its Memorandum and Order (Doc. 76) granting Defendants summary judgment on Plaintiffs' claims for breach of express warranty regarding defects, breach of implied warranty, breach of contract, rejection, revocation of acceptance, and negligence. That Memorandum and Order denied Defendants' dispositive motions with respect to Plaintiffs' claims for breach of express warranty concerning timely repairs, violation of the Magnuson-Moss Warranty Act, and violation of the Kansas Consumer Protection Act. This matter comes before the Court on Plaintiffs' Motion to Alter Judgment (Doc. 77). For the reasons below, the Court denies Plaintiffs' motion.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration and alteration of a final judgment.[1] The Court will reconsider and alter an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[2] In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[4] Here, Plaintiffs' Memorandum reiterates seventy-three separate facts, many without citations to the record, which Plaintiffs claim the Court must have overlooked as uncontroverted, relevant, and supportive of their claims. Such a restatement of facts and argument is inappropriate in a motion to alter or amend judgment.[5]

Plaintiffs assert four errors that require alteration of the Court's judgment. First, Plaintiffs assert that the Court committed clear error in granting Defendants summary judgment on Plaintiffs' claims under the Magnuson-Moss Warranty Act and under the Kansas Consumer Protection Act. Plaintiffs apparently failed to recognize that they *defeated* Defendants' motion for summary judgment on these claims. Accordingly, Plaintiffs' request for reconsideration and alteration is misplaced.

---

[1] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

[2] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[4] *Trackwell v. United States Government*, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants of Paraclete*, 204 F.3d at 1012).

[5] *See id.*

Second, Plaintiffs' question the Court's application of *McGilbray v. Scholfield Winnebago, Inc.*,[6] in holding that Defendants' repairs precluded Plaintiffs' claims for breach of express warranty and breach of the implied warranty of merchantability. Plaintiffs now argue, as they did on summary judgment, that *McGilbray* is "a forty year old case,"[7] which Plaintiffs perceive to have narrow application. Plaintiffs would instead have the Court follow their interpretation of *Black v. Don Schmidt Motor Co.*,[8] a case that the Court addressed and cited in its Memorandum and Order. Plaintiffs' argument does not demonstrate a clear misapprehension of the relevant law, but rather, restates the same arguments that the Court evaluated and rejected on summary judgment. Accordingly, reconsideration and alteration of the Court's judgment is inappropriate with respect to Plaintiffs' breach of warranty claims.

Third, Plaintiffs assert that the Court must alter its Order granting Defendants summary judgment on Plaintiffs' claim for breach of the implied warranty of merchantability. As stated in its Memorandum and Order, the Court granted summary judgment for two reasons: (1) the claim is precluded by Defendants' successful repairs under *McGilbray*, and (2) the parties' agreement contained a conspicuous disclaimer of the implied warranty of merchantability. Plaintiffs now claim that Kansas statutes do not permit such disclaimers in consumer transactions. Even without this basis for judgment, the Court's alternative basis under *McGilbray* requires the same result. Accordingly, reconsideration and alteration is inappropriate.

Fourth and finally, Plaintiffs question the Court's holding that neither rejection nor revocation of acceptance constitutes an appropriate remedy in this case. Because the Court found that Plaintiffs may not reject or revoke acceptance of a spa that they accepted and used

---

[6] 561 P.2d 832 (Kan. 1977).

[7] Pls.' Memo. of Law in Support of Mot. for Alteration of J., Doc. 78, at 9.

[8] 657 P.2d 517 (Kan. 1983).

extensively for over six months, Plaintiffs' argue that the Court made a historic holding that a buyer must revoke acceptance the very instant after delivery. This argument distorts and exaggerates the Court's ruling, and more importantly, fails to identify a legitimate basis for reconsideration and alteration of judgment pursuant to Rule 59(e).

After reviewing Plaintiffs' motion to alter and amend judgment, the record in this case, and the Court's previous Order, the Court concludes that Plaintiffs have not identified an intervening change in the controlling law, newly discovered evidence, or the need to correct a clear error in the earlier judgment. Consequently, there is no need for the Court to amend or alter its Order.

**IT IS ACCORDINGLY ORDERED** this 7th day of November, 2013, that Plaintiffs' Motion to Alter Judgment (Doc. 77) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE